**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARNALDO PINTO; et al., | No. 11-56781 |
| Plaintiffs - Appellants, | D.C. No. 8:10-cv-00184-AG-MLG |
| v. | |
| WALT DISNEY PARKS AND RESORTS U.S., INC., FKA Walt Disney World Co.; et al., | MEMORANDUM[*] |
| Defendants - Appellees., _____, | |
| THE WALT DISNEY COMPANY, through their division, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted June 5, 2013[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Appellants Arnaldo Pinto, Juan C. Guzman, Juan Felix Valenzuela, Fausto C. Torres, Jesus Enriquez Acero, Benjamin Puentes, and Ricardo Rivera were fired from their employment at Disneyland Resort after a co-worker reported them for drinking alcohol in their work-subsidized vanpool on their way home from work. They alleged eleven claims in district court against Disneyland and their respective unions, Laborers International Union of North America, Local Union No. 652 ("Local 652") and Plumbers & Steamfitters Local 582 ("Local 582") regarding their termination and their unions' failure to adequately represent them. The district court granted Appellees' motions for summary judgment, and Appellants appeal that judgment. We have jurisdiction under 28 U.S.C. § 1291, and now affirm.

First, the district court correctly granted summary judgment in favor of the unions. Appellants failed to show that Local 582 and Local 652 breached their duty of fair representation. Their decisions not to pursue arbitration were not shown to be arbitrary, discriminatory, or in bad faith. *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1396 (9th Cir. 1985) ("So long as the [union's] interpretation of the collective bargaining agreement was reasonable and was not made in reckless disregard of [the grievant's] rights, we will not

second-guess the [union's] decision not to arbitrate."). Appellants' other claims, which essentially boil down to the allegation that the unions were in the pocket of Disneyland, are not supported by the evidence. Because there was no breach of the unions' duty, Appellants' claim that Disneyland breached the collective bargaining agreement are foreclosed. *Vaca v. Sipes*, 386 U.S. 171, 186 (1967) ("[A] wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.") (footnote omitted).

Second, Appellants have not made out a prima facie case of discrimination based on race or national origin. There is no direct evidence of discrimination, and Appellants have not produced a similarly situated Caucasian employee who was treated more favorably. The employee who *reported* the violation was not similarly situated to the Appellants, who were caught in violation of the vanpool agreement. *See Fonseca v. Sysco Food Servs. of Ariz.*, 374 F.3d 840, 847 (9th Cir. 2004) (stating that to establish a prima facie case, a plaintiff must demonstrate that "similarly situated individuals outside his protected class were treated more favorably").

Third, Appellants' claim of disability discrimination fails because, even assuming that Appellants suffer from a disability, the record does not support the conclusion that Disneyland knew of Appellants' alleged disabilities. Appellants testified in their depositions that they never told Disneyland of their alleged disabilities before their termination, and there is no reason to think Disneyland otherwise knew of their alleged disabilities. Therefore, Appellants could not have suffered an adverse employment action because of their alleged disabilities. *See Brundage v. Hahn*, 66 Cal. Rptr. 2d 830, 836 (Cal. Ct. App. 1997).

Fourth, Appellants voluntarily used the vanpool and agreed to abide by its terms. Consent is a complete bar to their common law and constitutional privacy claims. *See Hill v. Nat'l Collegiate Athletic Ass'n*, 865 P.2d 633, 657-59 (Cal.1994) (in bank) (holding that students' consent to drug tests as a condition of participating in athletics barred their privacy claims). Even in the absence of consent, Appellants' privacy claims would fail because they lack a protected privacy interest in consuming alcohol in an employer-sponsored vehicle. *See id*. at 647 (describing privacy interests protected by California common law and constitution).

Fifth, the record demonstrates that Appellants notified Disneyland of their disability and requested rehabilitation, if at all, only after they were terminated.[1] Without some evidence that Appellants began the interactive process, Disneyland cannot be liable for violating Appellants' rights under the Family and Medical Leave Act or California's Family Rights Act. 29 C.F.R. § 825.302(c) ("An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA–qualifying leave."); 2 Cal. Code Regs. § 7297.4 ("An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs CFRA-qualifying leave.").

Sixth, most of Appellants' wrongful termination claims are derivative of other claims that fail for the reasons stated above. Appellants' additional claim that drinking in the vanpool is legally permissible under California Vehicle Code § 23229 is irrelevant because employers can prohibit otherwise legal conduct, and Disneyland did not violate a fundamental public policy by firing employees who

---

[1] To the extent that some of the Appellants' declarations state–contrary to their earlier deposition testimony–that they did request rehabilitation prior to discharge, the declarations are insufficient to create a genuine issue of material fact. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1138 n. 6 (9th Cir. 2000) (citing *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991)) ("Generally, a non-moving party may not create an issue of fact for summary judgment purposes by means of an affidavit contradicting that party's prior deposition testimony.").

breached their voluntary agreement not to drink alcohol in the vanpool vans as a condition of using that service. *Stevenson v. Superior Court*, 941 P.2d 1157, 1161 (Cal. 1997) (1997) (holding that plaintiffs must establish that the violated public policy is "fundamental and substantial") (internal quotation marks and footnote omitted).

Finally, rescission is not appropriate because Appellants fail to show duress, fraud, mistake, or overreaching under Cal. Civ. Code § 1689. While some Appellants claim they did not receive the full vanpool agreement at signing, they fail to provide evidence that Disneyland misled or deceived them into signing the agreement. Appellants should have learned the terms of the vanpool agreement before (or after) signing the agreement, or should not have signed the agreement in the first place. *See, e.g., Randas v. YMCA of Metro. L.A.*, 21 Cal. Rptr. 245, 248 (Cal. Ct. App. 1993) (holding that the onus is on the signatory to read the contract, or have the contract read to him if he cannot read).

**AFFIRMED.**